[No. 13422.   *En Banc.*   July 5, 1916.]

THE STATE OF WASHINGTON, *on the Relation of Stanley A.
Griffiths et al., Plaintiff,* v. THE SUPERIOR COURT FOR
THURSTON COUNTY, *D. F. Wright, Judge,
Respondent.*[1]

STATUTES — ENACTMENT — INITIATIVE MEASURES — ARGUMENTATIVE
STATEMENTS.   A proposed initiative measure intended to amend the.
Workmen's Compensation Act (Rem. 1915 Code, § 6604-1 *et seq.*) so
as to include surgical and hospital treatment of the injured work-
men at the expense of the industries, is objectionable as including
argument to be published at the expense of the state instead of the
proponent, when it states in the measure itself that "compensation
awarded injured workmen in a very large per cent of cases is in-
sufficient to pay for surgical and hospital services," and "a work-
man's compensation law without provisions for surgical and hospital
services is incomplete and inefficient" (ELLIS, BAUSMAN, PARKER, and
FULLERTON, JJ., dissenting).

CONSTITUTIONAL LAW—PROPOSED LEGISLATION—DETERMINATION OF
VALIDITY.   The objection that a proposed initiative measure amend-
ing an existing law refers merely to the title of the act to be amend-
ed, in contravention of Const., art. 2, § 37, will not be considered as
affecting the validity of the measure prior to its enactment.

[1]Reported in 159 Pac. 101.

Certiorari to review a judgment of the superior court for Thurston county, D. F. Wright, J., entered March 27, 1916, dismissing an action to enjoin the circulation, printing and distribution of a proposed initiative measure. Reversed.

*Chas. S. Gleason*, for relators.

*The Attorney General* and *C. J. France*, for respondent.

HOLCOMB, J.—This is a proceeding to review a judgment of the superior court in holding that the court had no jurisdiction and entering a judgment of dismissal and for costs in a certain cause, wherein the relators were plaintiffs and the secretary of state and certain other persons as a joint legislative committee and as individuals were defendants, to enjoin the defendants from circulating and printing and causing to be distributed as a proposed initiative measure, initiative measure No. 20 as filed in the office of the secretary of state. Initiative measure No. 20, as shown by the files of the secretary of state, commences as follows:

"Section 1. That there be added to Remington & Ballinger's Annotated Codes and Statutes of Washington a new section to be known as 6604-7a, as follows:

"Section 6604-7a: It is the policy of this state that industry shall bear the greater portion of the burden of the cost of its accidents. Compensation awarded injured workmen in a very large percentage of cases is insufficient to pay for surgical and hospital services. This expense now being borne by the injured workman is as much a burden of the industry as loss of time resulting from an injury to a workman. A workman's compensation law without provisions for surgical and hospital services is incomplete and inefficient. It not only works an injustice to the injured, but, through lack of proper treatment, an unnecessary burden on the industry. The welfare of the workman and the industries of the state demand that efficient surgical and hospital treatment be provided all injured workmen in extra hazardous employment, and to that end the Workman's Compensation Act, Chapter 74, Laws of 1911, and Chapter 188, Laws of 1915, being sections 6604-1 to and including section 6604-32, Rem-

ington & Ballinger's Annotated Codes and Statutes of Washington, is hereby amended so as to include surgical and hospital treatment of the injured workmen at the expense of the industries to be paid for out of the accident fund."

The same contentions and the same arguments for and against the same were made in this case as in the case of *State ex rel. Berry v. Superior Court, ante* p. 16, 159 Pac. 92, reference to which is now made for a discussion of the questions involved.

There is some difference, however, between the supposed preamble in the present case and that in the other case. This proposed initiative measure is one to amend the so-called workmen's compensation act. An examination of the supposed preamble discloses that there is a declared purpose in this act to extend the policy of the state with reference to workmen's compensation for injuries. The first sentence in this section is a preamble, but it is not a mere preamble. As was the case in the original workmen's compensation act, it is broader than a preamble, and is in fact a legislative enactment. The sentences or clauses most complained of in this alleged preamble are these: "Compensation awarded injured workmen in a very large percentage of cases is insufficient to pay for surgical and hospital services;" and "A workman's compensation law without provisions for surgical and hospital services is incomplete and inefficient." These sentences are in fact argumentative and should not be placed in the proposed law. They are statements which may or may not be true. They are simply controvertible. The first clause of the section comes within the definition, stated in the other case referred to, of legislation, and not mere preamble or argument.

Relators assert that the concluding portion of § 1 of the proposed measure is void in violating § 37, art. 2, of the constitution, providing that "no act shall ever be revised or amended by mere reference to its title," etc. This concluding portion of § 1 is in the form of legislation, not mere preamble,

as follows: "the Workman's Compensation Act, Chapter 74, Laws of 1911, and Chapter 188, Laws of 1915, being sections 6604-1 to and including section 6604-32, Remington & Ballinger's Annotated Codes and Statutes of Washington, is hereby amended so as to include surgical and hospital treatment of the injured workmen at the expense of the industries to be paid for out of the accident fund."

With the ultimate question of the validity of this proposed legislation, we have no present concern. Courts will not determine such questions as to contemplated legislation which may, perchance, never be enacted.

For the reasons stated in the other case, the judgment will be reversed with directions to grant the injunction. The defendants may, however, expunge from the section which is argumentative all after the first sentence down to "the Workman's Compensation Act, Chapter 74, Laws of 1911," etc., etc. The remainder of the proposed initiative measure, with such argumentative matter eliminated, may go upon the ballot with the ballot title prepared by the *Attorney General*. Relators will recover costs.

MORRIS, C. J., MAIN, MOUNT, and CHADWICK, JJ., concur.

ELLIS, J. (dissenting)—For the reasons stated in the dissenting opinion in the companion case, *State ex rel. Berry v. Superior Court, ante* p. 16, 159 Pac. 92, I dissent.

BAUSMAN, PARKER, and FULLERTON, JJ., concur with ELLIS, J.